IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30689

_____


FRERET MARINE SUPPLY, Etc.

Plaintiff

v.

ENCHANTED CAPRI MV, Etc,

Defendants

v.

KENNEDY FUNDING INC, Co-Agent for Cordell Funding LLLP,
Ashton Global Enterprises Inc, Coastal Funding Inc, JCW
Funding Inc, KSK Funding Inc, Lexis Funding Inc & Pillar
Funding LLC; CORDELL FUNDING LLLP, Co-Agent for Cordell
Funding LLLP, Ashton Global Enterprises Inc, Coastal Funding
Inc, JCW Funding Inc, Lexis Funding Inc & Pillar Funding LLC

Intervenor Plaintiffs–Appellees

v.

WINCHESTER NAVIGATION LIMITED

Movant–Appellant

----------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana, New Orleans
01-CV-87
----------------------------------
May 31, 2002

Before SMITH, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Winchester Navigation, Ltd. ("Winchester") claims that it is the rightful owner of a cruise ship, the M/V ENCHANTED CAPRI, that was purchased at a judicial sale by Appellee Kennedy Funding, Inc. ("Kennedy"), who leads a group of several lenders that intervened at the district court to protect their mortgage interest. Winchester alleges that the district court violated its procedural and substantive due process rights by not providing it with actual notice of the sale. Furthermore, it contends that the sale price was grossly inadequate and that the sale should be set aside for that reason. Winchester also argues that the district court should return the $46,500 charge it assessed Winchester for costs resulting from its opposition to the sale. Finally, it seeks equitable relief in the form of an order requiring Kennedy to deposit all proceeds from a future private sale into the registry of the district court until all ownership and mortgage issues, which are still being litigated at the district court, are resolved. The district court rejected Winchester's opposition and confirmed the sale, and Winchester timely appealed.

We review the district court's confirmation of a judicial sale for abuse of discretion. *Latvian Shipping Co. v. Baltic Shipping Co.*, 99 F.3d 690, 692 (5th Cir. 1996). An abuse of discretion will not be found unless the factual findings are clearly erroneous or incorrect legal standards were applied. *Id.* Having carefully reviewed the record and the applicable law, we find no merit in the arguments advanced by Winchester and conclude that the district court did not abuse its discretion when it confirmed the sale. We therefore AFFIRM the judgment of the district court and DENY all pending motions.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

--2--